**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

OCENTURE, LLC,

    Plaintiff,

-vs-                                                                         Case No.   3:15-cv-391-J-34JBT

ALLCONNECT, INC.,

    Defendant.

_____

**ORDER**

    **THIS CAUSE** is before the Court on Allconnect's Motion to Dismiss Plaintiff's Claims and Incorporated Memorandum of Law (Dkt. No. 10; Motion) filed on July 13, 2015.  Plaintiff filed its response in opposition to the Motion on July 30, 2015.  See Plaintiff's Opposition to Motion to Dismiss (Dkt. No. 14; Response).  With the Court's permission, Defendant filed a reply on August 20, 2015, see Allconnect's Reply Brief in Support of Motion to Dismiss (Dkt. No. 19; Reply), and Plaintiff filed a surreply on August 31, 2015, see Plaintiff's Surreply to Allconnect's Brief in Support of Motion to Dismiss Plaintiff's Claims (Dkt. No. 21; Surreply).  Accordingly, the Motion is ripe for review.

**I.    Standard of Review**

    In ruling on a motion to dismiss, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Rule(s)), the Court must accept the factual allegations set forth in the complaint as true.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr.,

Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Omar ex. rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 678, 680-81. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678

(quoting Twombly, 550 U.S. at 570).

**II.     Discussion**

In the Motion, Defendant argues that Plaintiff's Complaint (Dkt. No. 1; Complaint) fails to state a claim because Plaintiff has not plausibly alleged a breach of contract, see Motion at 7-9, and because Plaintiff cannot allege any injury resulting in damages without improperly expanding the non-disclosure agreement between the parties, see id. at 9-11.  In the Response, Plaintiff argues that the Complaint does state a claim and that Defendant is essentially asking the Court to construe the allegations in the Complaint in the light most favorable to Defendant rather than Plaintiff.  See Response at 8-9.  Upon review, the Court is not convinced that the Complaint fails to state a claim plausible on its face, and concludes that Defendant's Motion is due to be denied.  In denying the Motion, however, the Court does not resolve the ultimate merits of Plaintiff's claims.  Rather, it concludes that Plaintiff's Complaint contains sufficient allegations to allow the case to proceed to the next stage.  In this case, it is a better course to consider the merits of these claims at summary judgment, wherein the record and arguments are more fully developed and the parties can no longer rely on mere allegations of fact.

Accordingly, it is hereby

**ORDERED**:

  Allconnect's Motion to Dismiss Plaintiff's Claims and Incorporated Memorandum of Law (Dkt. No. 10) is **DENIED**.

  **DONE AND ORDERED** at Jacksonville, Florida, this 19th day of October, 2015.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

ja

Copies to:

Counsel of Record